UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARY E. COWELL, CANDICE E. STACY aka CANDICE E. COWELL and DAVID RIGDON,<br><br>Defendants. | No. 2:24-cv-3065 WBS AC<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's motion for default judgment. ECF No. 22. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19), and was taken under submission on the papers. ECF No. 23. For the reasons set forth below, the undersigned recommends plaintiff's motion be GRANTED, and that judgment be entered in favor of plaintiff.

**I.   Relevant Background**

Plaintiff filed this complaint seeking declaratory relief on November 5, 2024, asserting jurisdiction pursuant to 28 U.S.C. §1332. ECF No. 1 at 2. Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") alleges that it is an insurance company incorporated under the laws of the state of Ohio. Id. This lawsuit seeks declaratory relief related to a Farm Liability Policy issued by Nationwide to defendant Mary E. Cowell, which was in effect on August 19, 2022. Id. On that date, David Rigdon was shot by Tommy Lee Taylor at the residence located at 2536 Channel Drive in Riverbank, California ("the property" or "Channel Drive property"). Id.

1

At the time of the shooting incident, Cowell's daughter Candice E. Stacy and her children lived at the property, which was owned by Cowell. Id. On or about July 17, 2024, Rigdon filed a complaint against Cowell, Stacy, and Tommy Lee Taylor in Stanislaus County Superior Court, Case No. CV-24-005630 ("Rigdon Action"). Id.

At the time of the shooting at issue in the Rigdon Case, Cowell had a Farm Liability policy with Nationwide, policy No. FPK FMPN 7834095691 in effect for the period of August 1, 2022 to August 1, 2023 ("the Policy" or "the Nationwide Policy"). Id. at 3. Cowell was the only named insured to the Policy. Id. The Policy contains a Farm Location Schedule which lists one location: 4704 Wellsford Road, Oakdale, California which is also designated as Cowell's address on the Policy. Id. 4704 Wellsford Road in Oakdale was Cowell's residence at the time of the shooting. Id. The Policy makes no reference to the property on which Rigdon was shot (2536 Channel Drive, in Riverbank, California). Id. At the time of the shooting Cowell also had a policy for the 2536 Channel Drive, Riverbank, California location that was issued by Foremost Insurance Company ("the Foremost Policy"). Id. Cowell was the named insured on the Foremost Policy and the premises identified on the Foremost Policy's Declarations was 2536 Channel Drive, Riverbank, California. Id.

The Nationwide policy contains several exclusions, including a "Rental of Premises and Ownership or Control of Premises" exclusion. This exclusion exempts from coverage any bodily injury or property damage occurring on property that is not an "insured location" and any acts or omissions on noninsured locations that are rented, leased, owned, occupied, controlled or managed by any insured. Id. at 4-5. Nationwide disputes that any of the injuries or damages alleged by Rigdon against Cowell and Stacy in the Rigdon complaint are covered by the Nationwide Policy because the Rented Premises And Ownership Or Control Of Premises exclusion cited above. Id. at 6. Rigdon, Cowell and Stacy sought coverage under the Nationwide Policy for Rigdon's claims, thus disputing Nationwide's position that no coverage exists. Id. In an abundance of caution, Nationwide agreed to provide Cowell and Stacy with a defense subject to a reservation of rights (as has Foremost Insurance Company), including to the right to decline coverage based on the application of the Premises Exclusion. Id. at 6-7. The subject of the

2

1  instant lawsuit is whether the Nationwide Policy obligates Nationwide to defend and/or
2  indemnify Cowell against the Rigdon complaint. Id. at 7.
3     Defendants were served and proof of service was entered on the docket. ECF Nos. 4, 5, 9.
4  Defendants did not appear, and the Clerk of Court entered default against each defendant. ECF
5  Nos. 8, 17, 19. Plaintiff filed a motion for default judgment against all defendants on March 24,
6  2025. ECF No. 22. The motion was served on the defendants. ECF No. 22 at 3. Defendants did
7  not respond.

## II. Motion

Plaintiff moves for default judgment and seeks entry of a declaratory judgment stating that Nationwide has no duty to defend or indemnify defendants Cowell and Stacy with respect to the action entitled David Rigdon v. Mary Cowell, Candice Cowell, Tommy Lee Taylor, Stanislaus County Superior Court Case No. CV-24-005630 filed on July 17, 2024. ECF No. 22 at 2.

## III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

3

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider

4

whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiff brings a single cause of action for declaratory relief.  ECF No. 1.  The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy."  28 U.S.C. § 2201; Spokane Indian Tribe v. United States, 972 F.2d 1090, 1091 (9th Cir. 1992).  It is within the court's discretion to determine whether to entertain an action for declaratory relief; the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."  Public Affairs Assoc. v. Rickover, 369 U.S. 111, 112 (1962); Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).  A declaratory relief claim operates "prospectively," not to redress past wrongs.  Britz Fertilizers, Inc. v. Bayer Corp., 665 F.Supp.2d 1142, 1173 (E.D. Cal. 2009).

The Ninth Circuit held that "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  Eureka Fed. Sav. & Loan Assoc. v. American Cas. Co., 873 F.2d 229, 231 (9th Cir. 1989).  To determine whether declaratory relief is appropriate, the court must determine whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  Here, there is an active controversy regarding plaintiff's obligation to defend and indemnify defendants with respect to Rigdon's lawsuit, and entry of declaratory relief is appropriate and necessary to resolve the uncertainty surrounding plaintiff's obligations.  The undersigned therefore finds it appropriate to entertain the claim for declaratory relief.

Following entry of default, the court takes the complaint's well-pleaded allegations regarding liability as true.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Here, plaintiff alleged that the insurance policy between it and the defendants has a premises

5

exclusion that specifically exempted from coverage certain non-covered properties owned by the insured.  The Channel Drive property at which David Rigdon was shot was not an "insured location" as defined by the Nationwide Policy because it was not the "residence premises" shown in the Policy's declarations.  ECF No. 22-1 at 8.  The only location listed on the Policy's Declarations and Farm Location Schedule is 4704 Wellsford Road, Oakdale, California ("Wellsford Road property").  The Policy makes no reference to the Channel Drive property. ECF No. 1, p.3 of 21:13-20; Exhibit A to Uno Application Decl., pp. NAT 0012 and NAT 0014.

Also, Ms. Cowell's residence at the time of the shooting was the Wellsford Road property, not Channel Drive.  ECF No. 1, p.3 of 21: 16-20.  Ms. Cowell owned Channel Drive and her daughter Candice Stacy lived there with Ms. Cowell's grandchildren.  ECF No. 1, p.2 of 21:21-22.  Ms. Cowell had secured a different policy for the Channel Drive property.  Therefore, the exclusion for "Rental Of Premises And Ownership Or Control Of Premises" ("Premises Exclusion") bars coverage because it excludes coverage for Mr. Rigdon's "bodily injury" "arising out of" any premises that is not an "insured location" or an act or omission "in connection with any location, "other than an 'insured location', that is . . . owned by any insured." Id. at 8,

Plaintiff acknowledges that the Nationwide policy contains an alternative definition of "insured location" as "Any part of premises occasionally rented to any insured for other than 'business' purposes," but asserts that it does not apply to the Channel Drive property because there was no lease or rental agreement between Cowell and Stacy.  Id.  Thus, Channel Drive was not "occasionally rented" by Ms. Cowell to her daughter Candice Stacy and for that reason alone was not an "insured location" under the alternative definition of "insured location" as a premises occasionally rented to an insured for purposes other than business.  Id.  In addition, even if Channel Drive was "occasionally rented," it was not "occasionally rented" to an insured as required by the definition because Ms. Stacy was not an insured to the Nationwide Policy.  Id. at 9-10. Taking plaintiff's well pleaded factual allegations as true, as the court must on default judgment, the court finds that the merits of the case favor entry of default judgment in plaintiff's favor.

////

6

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Here, plaintiff seeks only declaratory relief. The amount at issue is proportionate to the seriousness of defendant's conduct and this factor favors entry of default judgment.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177. This factor favors entry of default judgment.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff served the defendants with the summons and complaint. ECF Nos. 4, 5, 9. The motion for default judgment was served on the defendants. ECF No. 22 at 3. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

1  PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694
2  F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of
3  the policy favoring decisions on the merits – and consistent with existing policy would prefer that
4  this case be resolved on the merits – that policy does not, by itself, preclude the entry of default
5  judgment.

      7.  Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant.  What remains is the determination of the terms of judgment.

C.  Terms of Judgment

Plaintiff seeks only declaratory relief.  ECF No. 22-1 at 13.  The undersigned agrees that plaintiff's proposed language, included below, is appropriate.

### IV.  Conclusion

It is RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (ECF No. 22) be granted.

2. The court issue a declaratory judgment stating as follows:

    A.  Nationwide has no obligation to defend or indemnify Mary Cowell under the Nationwide Farm Liability Policy, Policy No. FPK FMPN 7834095691 for the Rigdon action;

    B.  Nationwide has no obligation to defend or indemnify Candice Stacy aka Candice Cowell under the Nationwide Farm Liability Policy, Policy No. FPK FMPN 7834095691 for the Rigdon action; and

    C.  This declaratory judgment is binding on David Rigdon.

4. Judgment be entered for plaintiff and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 16, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE